1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRSTEN KONO and CHRISTOPHER KONO,
husband and wife,

              Plaintiffs,

       v.

PACIFIC STAR INSURANCE COMPANY and
ANCHOR GENERAL INSURANCE AGENCY,
INC.,

              Defendants.

CASE NO. C12-1721RSM

ORDER OF REMAND

      This matter is now before the Court for consideration of plaintiffs' motion for determination of subject matter jurisdiction and motion for limited remand.  Dkt. # 7.  This action was filed in King County Superior Court on September 17, 2012, and defendants timely removed it to this Court on October 4, 2012.  Dkt. # 1.  Plaintiffs' motion was filed a week later.   Having considered the Notice of Removal and the complaint filed in state court, the Court has determined that the Notice of Removal is defective and does not state a basis for this Court's jurisdiction.  The Court therefore does not reach the jurisdictional arguments and request for limited remand raised in plaintiff's motion, but shall *sua sponte* remand the entire case.

ORDER - 1

LEGAL STANDARD AND ANALYSIS

This case arises from a policy of insurance.  Plaintiffs submitted a claim under the Underinsured Motorists' ("UIM") provision of the policy after suffering injuries in a rear-end collision, and defendants denied coverage after initially paying a portion of the claim.  Amended Complaint, Dkt. # 2, ¶¶ 2.9, 2.17.  Defendants removed this action from state court pursuant to 28 U.S.C. § 1441(a) and § 1446, invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332.  This section creates federal jurisdiction over state law causes of action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a), (b).

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999).  Any doubt as to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992).  This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir.1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ").   A court may raise the question of subject matter jurisdiction *sua sponte* at any time.  *Snell v. Cleveland, Inc.,* 316 F. 3d 822, 826 (9th Cir. 2002); *citing* Fed.R.Civ.Proc. 12(h)(3).

Where, as here, the complaint filed in state court does not specify damages, "it is not facially evident from the complaint that more than $75,000 is in controversy, [and] the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir.2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004).   "In a removed case,  . . . the plaintiff chose a state rather than federal forum.  Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mutual Auto. Ins. Co*., 116 F. 3d 373, 375 (9th Cir. 1997) (*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938).  Accordingly, the removing defendant must set forth "in the removal petition itself, the underlying facts supporting its

ORDER - 2

1    assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.

2    1992)*; see also Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1261-63 (D.Idaho 2003).

3    In addition to the removal petition, the Court may consider "summary judgment type evidence relevant

4    to the amount in controversy at the time of removal," such as affidavits or declarations.  *Valdez v.*

5    *Allstate Insurance Co*., 372 F. 3d 1115, 1117 (9th Cir. 2004).

6          The complaint here does not specify any amount of monetary damages, but simply asks for a

7    judgment "in an amount that will be proven at trial."  Amended Complaint, Dkt. # 2, p. 33.  Defendants,

8    in the Notice of Removal, assert that

9          [they] have a good-faith belief that the amount in controversy exceeds $75,000 exclusive of
          interests and costs.  The limit of  Plaintiffs' underinsured motorist policy with Pacific Star
10         is $50,000.  In addition, Plaintiffs claim treble damages under the Insurance Fair Conduct
          Act and may seek treble damages for violations of the Consumer Protection Act.  Plaintiffs
11         further seek bad faith damages and attorney fees pursuant to *Olympic Steamship Co. v.*
          *Centennial Ins. Co*., 117 Wn.2d 37, 811 P.2d 673 (1991).
12

13   Notice of Removal, Dkt. # 1, p. 2.

14         Defendants' statement with respect to their "good faith belief" fails to make the requisite

15   showing of facts which demonstrate by a preponderance of the evidence that the plaintiff seeks damages

16   in excess of $75,000.  Jurisdiction is determined as of the time of the removal itself and the reviewing

17   court must look to the complaint as of the time the removal petition was filed.  *Reddam v. K.P.M.G.,*

18   *L.L.C.*, 457 F. 3d 1054, 1058 n. 6 (9th Cir. 2006).   The removed complaint on its face states that

19   defendants paid a portion of their claim, but does not state the amount.  Amended Complaint, ¶ 2.15.

20   The amount in controversy,  before application of treble damages, is thus some unknown amount **less**

21   **than** plaintiffs' policy limits of $50,000.  Where this amount is unknown, or "x", it cannot be assumed

22   that the trebled amount, or 3x, exceeds $75,000.   Defendant has thus offered no facts whatsoever to

23   support the Court's exercise of jurisdiction.  *Gaus*, 980 F.2d at 567.  The mere allegation of a

24   jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor

25   satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts

26   supporting its assertion that the amount in controversy exceeds $[75,000]." *Id*.; *see also Sanchez v.*

27   *Monumental Life Ins. Co.*, 102 F.3d 398, 404 n. 5 (9th Cir.1996).

28    ORDER - 3

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990).   Defendant has not overcome this presumption or met this burden by a preponderance of the evidence.  Any doubt must be resolved in favor of remand.   *Gaus v. Miles, Inc.*, 980 F.2d at 566.

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 12-2-30494-7 SEA.   The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 15 day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4